## W. G. Kirk v. John Reynolds.

**Suit on Contract—Specific Execution—Tender of Deed.**

Where a suit is brought for a specific execution of contract and the petition shows plaintiff is not in a condition to perform his part of it, and fails to aver that he has the legal title to the land, or tenders a deed to his vendee, such suit must fail.

APPEAL FROM ESTILL CIRCUIT COURT.

March 9, 1875.

OPINION BY JUDGE PETERS:

The pleadings in this case do not authorize the judgment rendered.

The plaintiff below expressly charges in his petition that his contract for the purchase of the land was only executory with G. W. Howell, whose title to the land was possessory. Having had the continuous adverse possession for more than twenty years, he further avers that G. W. Howell is dead, and the legal title to the land was at the time in the heirs of said Howell, all of whom are made defendants, and through whom he seeks to perfect his title.

Moreover, he avers that the price he agreed to pay Howell for the land was $225, of which sum he paid down $200, the remaining $25 to be paid when a title was made to him for the land. And he neither alleges that the title had ever been made to him, nor that he had paid the residue of the purchase money. There is some evidence in the cause conducing to prove that he paid all the purchase money; but such evidence of payment, without a direct averment to that effect, is wholly unavailable. A commissioner's deed purporting to convey the title of Howell's heirs to appellee, Reynolds, is found in the papers; but there is no allegation in the petition that the legal title had been conveyed to Reynolds; nor is there any mention made of the existence of such a deed in the pleadings. Even, therefore, if the deed was effectual to pass the legal title to Reynolds (a question we do not decide), before Reynolds could use the deed to show the fact, he must allege that he has the title.

But there is still another fatal objection to the judgment. Reynolds brought this suit for a specific execution of the contract and he shows by his own peition that he was not in a condition to perform his part of it, and never avers he has the legal title to the land, or tenders a deed to his vendee, which, as has been repeatedly decided by this court, he must do before he can ask the chancellor to help him, and enforce his lien. Wherefore the judgment is *reversed* and the cause is remanded for further proceedings. Reynolds should be allowed to amend his pleadings, and on his failure to do so in reasonable time his petition should be dismissed.

*J. B. White, for appellant.*